## EDWARDS v. PENNSYLVANIA R. CO.

### Civil Action No. 6127.

District Court, W. D. Pennsylvania.

June 24, 1947.

Robert B. Ivory, of Pittsburgh, Pa., for plaintiff.

Samuel W. Pringle, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is before the Court on defendant's motion for a new trial.

Defendant owns and operates a railroad between Pittsburgh and St. Louis. Between its Union Station at Pittsburgh and its Fourth Avenue Station is a tunnel. Plaintiff was an employee of the defendant as a trackman. On July 24, 1946, he was working in the tunnel, in which are located two tracks. As he was leaving the tunnel he was struck by a through passenger train of the defendant, traveling in a westwardly direction on the eastbound track, and was injured. He brought this action under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., alleging that his injuries were caused by negligence of the defendant in failing to furnish a reasonably safe place for him to work and in failing to give a proper warning of the approach of the train which struck him. The jury returned a verdict in his favor in the amount of $30,000. The principal contention of the defendant in its motion for a new trial is that the verdict is excessive.

Plaintiff, at the time of the accident, was about forty-five years of age, in good health. He had a limited education and his ability to work was limited to labor work. He had made during the two years preceding the accident, approximately $2100 per year in wages. By virtue of the accident his left leg had to be amputated above the knee. He was injured also in the left arm and also there was evidence of head injuries. It could be fairly found from the evidence that he was totally and permanently disabled, or nearly so. He suffered by reason of the accident, considerable pain, suffering and inconvenience. There was also disfiguration. His expectancy of life was at least twenty years. I am, therefore, unable to say that the verdict was excessive.

Defendant also argued that the verdict was excessive because of plaintiff's contributory negligence. This question was fairly submitted to the jury. The jury is presumed to have given proper consideration thereof. I cannot say, with this additional consideration, that the verdict was excessive.

Defendant also argued that the case should have been continued by reason of its motion, on the ground that plaintiff's counsel in his closing argument to the jury, made improper comments relating to the length of time that plaintiff would live. The Court refused defendant's motion for a continuance and instructed the jury that it was not to consider the attorney's opinion as to plaintiff's expectancy of life, but that they were to be governed by the evidence solely in determining what that expectancy would be. I do not think that defendant was prejudiced by any improper statement made by plaintiff's attorney.

The motion for a new trial should be refused.